## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| FINANCIAL FEDERAL CREDIT INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-2421 |
| | § | |
| FAIRVIEW LOGGING, INC., | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This is a collection action filed by Financial Federal Credit, Inc. arising out of

equipment financing. Financial Federal Credit sued a borrower (Fairview Logging, Inc.), and

guarantor (Edwin G. Price, Jr.). In an amended complaint, Financial Federal Credit added

as a defendant Knight Forestry, Inc., a Georgia company that purchased equipment from

Fairview Logging. Financial Federal Credit alleges that in September 2004, it loaned

Fairview approximately $90,396.00 and received a promissory note that granted Financial

Federal Credit a security interest in a Tigercat Model 245B Track Loader, with serial number

245T0307. Fairview signed a security agreement that provided Financial Federal Credit a

security interest in certain equipment, including the Tigercat 245. The note was paid but

Financial Federal Credit alleges that it cross-collaterialized the equipment with other loans

made to Fairview that were not paid. Financial Federal Credit alleges that it demanded

possession of the 245 Tigercat after Fairview defaulted on its obligation. Financial Federal

Credit alleges a deficiency as of April 24, 2008 in the amount of $88,445.75.  Fairview and Price have failed to answer the suit and Financial Federal Credit has moved for default. (Docket Entry No. 6).

Knight Forestry purchased the Tigercat 245 from Fairview in February 2006.  In the amended complaint, Financial Federal Credit alleges that the transfer was without its knowledge, consent, or authorization and that it is entitled to possession of the Tigercat 245. Financial Federal Credit asserts a state-law conversion claim against Knight Forestry and seeks a judgment for possession and an order compelling the return of the equipment.  Knight Forestry answered and moved to dismiss for lack of personal jurisdiction.  (Docket Entry No. 13).  Financial Federal Credit did not respond to the motion to dismiss.

## I.     The Motion For Default and Default Judgment

Financial Federal Credit has filed a motion for entry of default and for default judgment against defendants Fairview Logging, Inc. and Edwin G. Price, Jr.  These defendants have failed to answer the complaint or amended complaint as required by Rule 12, Fed. R. Civ. P., making  entry of default against them proper.  Financial Federal Credit has filed an affidavit and exhibits in support of its claim for damages and sent the defendants notice of the motion for entry of default and default judgment.  Further notice to the defendants and further hearings are not necessary.  Rule 55(b)(2), Fed. R. Civ. P.

The motion for default judgment is granted.  This court concludes that Financial Federal Credit has established its entitlement to default judgment against Fairview Logging, Inc. and Edwin G. Price, Jr. in the amount of $88,445.75; accrued prejudgment interest as

of September 30, 2008 in the amount of $7,030.09 plus additional prejudgment interest at the rate of $44.22 per day until judgment is entered; attorneys' fees and expenses in the amount of $12,096.55; costs of court; and postjudgment interest at the rate of .37 % *per annum*.

## II.     The Motion to Dismiss

"In a diversity action, a federal court may exercise personal jurisdiction over a defendant to the extent permitted by the applicable state law." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (citations omitted). The Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE ANN. § 17.041 *et seq.*, confers jurisdiction to the limit permitted by due process. *See Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990) (citation omitted); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 n.7 (1984). In Texas, the personal jurisdiction inquiry is the due process analysis. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424–25 (5th Cir. 2005).

Due process limits the exercise of personal jurisdiction over nonresident defendants to cases in which defendants purposefully establish "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A court must determine whether the defendant has the requisite minimum contacts with the forum state and whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.

*Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1205 (5th Cir. 1993) (citations omitted).

A court may assert personal jurisdiction under a theory of either "general" or "specific" personal jurisdiction.  A court exercises specific jurisdiction over a defendant if the cause of action alleged arises out of or is related to the defendant's contacts with the forum.  *Helicopteros*, 466 U.S. at 414 n.8.  When a court exercises personal jurisdiction over a defendant in a case *not* arising out of or related to the defendant's contacts with the forum state, the court is exercising general jurisdiction over the defendant.  *Id.* at 414 n.9.

A court may exercise specific jurisdiction if: "(1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendant[']s contacts with the forum state."  *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004).  The plaintiff must demonstrate a nexus between the nonresident defendant's contacts with the forum and the cause of action.  *Rittenhouse v. Mabry*, 832 F.2d 1380, 1390 (5th Cir. 1987).

When the cause of action does not arise from or relate to the foreign defendant's purposeful conduct within the forum state, due process requires that the foreign defendant have engaged in continuous and systematic contacts with the forum state before a court may exercise general personal jurisdiction.  *See Helicopteros*, 466 U.S. at 414–15; *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987) (citation omitted).  The plaintiff

4

must demonstrate contacts of a more extensive quality and nature between the forum state and the defendant than those needed to support specific jurisdiction.  *See Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1362 (5th Cir. 1990) (citations omitted).  "To exercise general jurisdiction, the court must determine whether 'the contacts are sufficiently systematic and continuous to support a reasonable exercise of jurisdiction.'"  *Holt Oil & Gas v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985) (citations omitted)).   The continuous and systematic contacts test for general jurisdiction "is a difficult one to meet, requiring extensive contacts between a defendant and a forum."  *Submersible Sys., Inc. v. Perforadora Central, S.A.*, 249 F.3d 413, 419 (5th Cir. 2001) (citation omitted); *see also Schlobohm*, 784 S.W.2d at 357 ("The minimum contacts inquiry is broader and more demanding when general jurisdiction is alleged, requiring a showing of substantial activities in the forum state.").

When a nonresident defendant challenges *in personam* jurisdiction, the plaintiff bears the burden of demonstrating facts supporting jurisdiction.  *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985) (citations omitted).  "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."  *Id.*  "When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.'"  *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Wilson v. Belin*,

20 F.3d 644, 648 (5th Cir. 1994)).  The court "'must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts[.]'" *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000) (quoting *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)) (additional citations omitted).  However, the court is not obligated to credit conclusory allegations, even if uncontroverted.  *Panda Brandywine Corp.*, 253 F.3d at 869.

Knight Forestry has submitted an affidavit by its vice-president, Jonathan Knight. The affidavit shows that Knight Forestry is a Georgia corporation.  Knight Forestry purchased the equipment at issue from Fairview, a North Carolina corporation.  None of the negotiations or other events related to the contract took place in Texas.  The equipment was not purchased in Texas or delivered in Texas.   The affidavit also shows that no representative has visited Texas to conduct business; it has no office, members, or employees in Texas; it does not directly solicit business in Texas; it derives no substantial income from Texas; it has no property in Texas; it does not sell forestry equipment or other products in Texas; it does not directly advertise its products for sale in Texas; and it does not purchase any equipment or merchandise from Texas.  There is no controverting information.

The record does not establish the minimum contacts necessary for specific or general jurisdiction.  There is no showing that Knight Forestry directed any relevant activities toward Texas or purposefully availed itself of the benefits of conducting activities in Texas.  Nor

is there any showing of continuous and systematic contacts with Texas.  The motion to dismiss Knight Forestry is granted.

## III.    Conclusion

The motion for default and default judgment is granted as to Fairview Logging, Inc. and Edwin G. Price, Jr.  The motion to dismiss Knight Forestry, Inc. is granted.  Judgment will be entered by separate order.

SIGNED on January 9, 2009, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge